UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEMA HOOVER,<br><br>                    Plaintiff,<br>-vs.-<br><br>PHILIP A. BESLER, BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC., ADMINISTRATIVE COMMITTEE FOR THE BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN and BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN.<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff WEMA HOOVER, in her individual capacity and on behalf of the Class, by way of Complaint against Defendants PHILIP A. BESLER, BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC., ADMINISTRATIVE COMMITTEE FOR THE BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN and BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, says:

## INTRODUCTION

1. Plaintiff WEMA HOOVER was formerly employed by BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. ("BRIJON"), and Besler & Co., Inc. (d/b/a BESLER Consulting) ("BESLER"), both participating employers in THE BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN (the "ESOP" or "Plan"). BESLER and the other participating employers in the ESOP provide financial and operational consulting services to healthcare organizations. As alleged below, Plaintiff and the Class she seeks to represent have been cheated out of their hard-

1

earned retirement benefits as a result of violations of ERISA's fiduciary rules by Defendants.

2. In or about 2011, Defendants – who were the fiduciaries and trustee of the ESOP – caused the ESOP to dispose of 100% of the stock in BRIJON for far less than the fair market value of the ESOP's BRIJON stock. As a result, Plaintiff and the other ESOP participants received far less than they were entitled to from the ESOP upon termination. Defendant PHILIP BESLER, who served as both a fiduciary of the ESOP and an officer and/or director of BESLER, was both the buyer and the seller in the 2011 transaction and therefore acted under a conflict of interest. In addition, Defendants relied on a flawed valuation report which utilized an inappropriate valuation methodology in valuing BRIJON's stock for the 2011 ESOP Transaction. The ESOP suffered substantial damages as a result of Defendants' fiduciary violations.

## JURISDICTION AND VENUE

3. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and is brought by Plaintiff to require Defendants to make good to the Plan losses resulting from fiduciary violations, to restore to the Plan any profits that have been made by the breaching fiduciaries and parties in interest through the use of Plan assets, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of Title I of ERISA.

4. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(2), 29. U.S.C. § 1132(e)(2).

5. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in part in this District, some of the events or omissions giving rise to the claims occurred in this District, and some Defendants may be found in this District.

## PARTIES

6. At all relevant times, Plaintiff WEMA HOOVER, who was known as Wema Miller at the time she was employed by Defendant BRIJON and BESLER, has been a participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in the ESOP. Plaintiff HOOVER was employed by BESLER and BRIJON as Director of Human Resources in Princeton, New Jersey, from in or about 2003 through in or about 2005. Plaintiff resides in North Brunswick, New Jersey.

7. Defendant BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. ("BRIJON") is a New Jersey corporation headquartered in Princeton, New Jersey. BRIJON is the Sponsor of the ESOP within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). BRIJON was a fiduciary of the ESOP under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority or discretionary control respecting management of the ESOP, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP. Upon information and belief, under the terms of the ESOP Plan document and the Trust Agreement, the Board of Directors of Defendant BRIJON was responsible for appointing the Trustee and Committee of the ESOP, and had the authority to remove the Trustee and/or Committee members and appoint a new Trustee or Trustees and/or Committee Members in their place. By virtue of these powers, Defendant BRIJON had the fiduciary responsibility to monitor the Trustee and Committee and remedy any fiduciary violations committed by the Trustee and/or Committee.

8. At all relevant times, Defendant PHILIP A. BESLER ("PHILIP BESLER") was the President, Chairman and/or Director of Defendant BRIJON, BESLER, and other participating employers in the ESOP (collectively "BESLER AFFILIATE COMPANIES").

Upon information and belief, Defendant PHILIP BESLER, his family, and/or trusts or other entities they controlled were the sole owners of the BESLER AFFILIATE COMPANIES (other than BRIJON) at all relevant times. At all relevant times, Defendant PHILIP BESLER was also the Trustee, Plan Administrator, and member of the ADMINISTRATIVE COMMITTEE of the ESOP. Thus, at all relevant times, Defendant PHILIP BESLER was a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority or discretionary control respecting management of the ESOP and/or exercised authority or control respecting management or distribution of the ESOP's assets, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP. As Trustee, Defendant PHILIP BESLER's specified powers included the powers to contest claims on behalf of the ESOP and to begin or maintain any litigation necessary in connection with the investment or administration of the Trust, as directed by the ADMINISTRATIVE COMMITTEE. Defendant PHILIP BESLER at all relevant times was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14). Upon information and belief, Defendant PHILIP BESLER resides in Beach Haven, New Jersey, and Boynton Beach, Florida.

9. At all relevant times, Defendant ADMINISTRATIVE COMMITTEE FOR THE BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN ("ADMINISTRATIVE COMMITTEE") has been the named fiduciary of the ESOP. Defendant ADMINISTRATIVE COMMITTEE at all relevant times was a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority or discretionary control respecting management of the ESOP and/or exercised authority or control respecting management or distribution of the ESOP's assets, and/or had discretionary authority or discretionary responsibility in the administration of the

ESOP. As the named fiduciary, the ADMINISTRATIVE COMMITTEE's specified powers included the powers to direct the Trustee to contest claims on behalf of the ESOP and to begin or maintain any litigation necessary in connection with the investment or administration of the Trust. The ADMINISTRATIVE COMMITTEE also had the duty to monitor the performance of the Trustee. Defendant ADMINISTRATIVE COMMITTEE at all relevant times was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14). Defendant ADMINISTRATIVE COMMITTEE is an unincorporated organization or association located in Princeton, New Jersey.

10. The BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN ("the ESOP") is an employee benefit plan as defined by ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1). The ESOP was administered in part in Princeton, New Jersey, and is joined as a party Defendant pursuant to Rule 19(a), Fed. R. Civ. P., solely to assure that complete relief can be granted. Defendant BESLER and the other BESLER AFFILIATE COMPANIES were participating employers in the ESOP.

## FACTUAL ALLEGATIONS

11. BRIJON and the other BESLER AFFILIATE COMPANIES adopted the ESOP effective in or about August 2002.

12. Upon information and belief, in or about 2002, BRIJON appointed Defendant PHILIP BESLER as a member of the ADMINISTRATIVE COMMITTEE and as Trustee of the ESOP.

13. The ESOP purchased 100% of BRIJON's stock from Defendant PHILIP BESLER in or about 2002 (the "2002 ESOP Transaction").

14. Upon information and belief, Defendant PHILIP BESLER acted on behalf of the ESOP in the 2002 ESOP Transaction in which Defendant PHILIP BESLER sold BRIJON's stock, which he wholly owned, to the ESOP. Indeed, as Trustee, Defendant PHILIP BESLER was responsible for negotiating the terms of the 2002 ESOP Transaction on behalf of the ESOP. Thus, Defendant PHILIP BESLER was both the buyer and the seller in the 2002 ESOP Transaction.

15. Upon information and belief, the ESOP purchased Defendant PHILIP BESLER's stock in exchange for a ten-year promissory note from the ESOP. The promissory note provided for recourse against the ESOP upon an event of default. Further, upon an event of default, the promissory notes provided for the Plan's payment of plan assets to Defendant PHILIP BESLER in an amount greater than the amount of the actual default.

16. Upon information and belief, employees of the BESLER AFFILIATE COMPANIES became employees of BRIJON, and BRIJON entered into management services and employee leasing agreements with the BESLER AFFILIATE COMPANIES. These employees (now joint employees of BRIJON and their respective BESLER AFFILIATE COMPANIES) continued to perform their same job duties for the BESLER AFFILIATE COMPANIES, but now they did so pursuant to these agreements by which the BESLER AFFILIATE COMPANIES paid for all of BRIJON's expenses (salaries, overhead, etc.) and provided BRIJON with a percentage of the BESLER AFFILIATE COMPANIES' overall revenue.

17. Upon information and belief, as part of the 2002 ESOP Transaction, BRIJON entered into an agreement with Defendant PHILIP BESLER by which BRIJON would pay premiums, over a five-year period, for a life insurance policy or policies taken out in the name of

Defendant PHILIP BESLER. At the end of the five-year period, Defendant PHILIP BESLER was then obligated to repay the premiums to BRIJON or to grant an irrevocable assignment of policy funds to BRIJON sufficient to repay the premiums. Upon information and belief, no repayment or assignment has occurred.

18.   Upon information and belief, as part of the 2002 ESOP Transaction, Defendant PHILIP BESLER entered into an employment agreement with BRIJON by which he became an officer of BRIJON, received a large annual salary, and substantial deferred compensation.

19.   The above transaction resulted in the ESOP owning all of the stock of BRIJON. In turn, upon information and belief, the value of BRIJON was almost entirely comprised of the following three items: (1) payments due from Defendant PHILIP BESLER to repay the insurance premiums paid on his behalf; (2) payments due from the BESLER AFFILIATE COMPANIES; and (3) the value of the management agreements BRIJON had with THE BESLER AFFILIATE COMPANIES. BRIJON's only material liability was to provide deferred compensation to Defendant PHILIP BESLER.

20.   Upon information and belief, the BESLER AFFILIATE COMPANIES have not made all payments due to BRIJON under BRIJON's management services agreement with the BESLER AFFILIATE COMPANIES. Defendant PHILIP BESLER, who is an officer and/or director of both BRIJON and the BESLER AFFILIATE COMPANIES, is aware that the BESLER AFFILIATE COMPANIES have not made all payments due to BRIJON under BRIJON's management services agreement. Indeed, Defendant PHILIP BESLER was responsible for the BESLER AFFILIATE COMPANIES failure to make all payments due to BRIJON under BRIJON's management services agreement. Defendants, in their capacities as the fiduciaries and/or trustee of the ESOP, have not taken any action to enforce the ESOP's rights as

sole shareholder of BRIJON.

21. In or about 2011, Defendant PHILIP BESLER (in his capacity as Trustee and member of the ADMINISTRATIVE COMMITTEE) and Defendant ADMINISTRATIVE COMMITTEE decided to dispose of the ESOP's BRIJON stock. Upon information and belief, Defendant PHILIP BESLER caused the ESOP to sell the ESOP's stock to BRIJON for approximately $468,000 ("2011 ESOP Transaction"). As alleged above, Defendant PHILIP BESLER was an officer and/or director of BRIJON. Therefore, Defendant PHILIP BESLER acted on behalf of both the ESOP and BRIJON in the 2011 ESOP Transaction.

22. Upon information and belief, the value assigned to BRIJON stock by Defendants in the 2011 ESOP Transaction was based upon a flawed valuation report that utilized an inappropriate valuation methodology. Upon information and belief, the valuation report did not properly account for the value of BRIJON's assets, i.e., the premium loan repayment obligations of Defendant PHILIP BESLER. Upon information and belief, the valuation report also did not properly account for the value of BRIJON's claims for additional management services fees, insurance premium loan repayments, or BRIJON's other claims and assets. Thus, Defendants disposed of the ESOP's BRIJON stock for far less than Fair Market Value.

23. BRIJON terminated the ESOP effective in or about 2012. Plaintiff and other Plan participants received only a small distribution from the ESOP because Defendants improperly valued the ESOP's stock. Therefore, as alleged above, Plaintiff and other Plan participants received less than the Fair Market Value of the BRIJON stock in their individual ESOP accounts because, upon information and belief, the ESOP disposed of its BRIJON stock for less than Fair Market Value in the 2011 ESOP Transaction.

24. Defendants did not disclose any of the acts or omissions alleged above to Plaintiff

or other rank-and-file Plan participants, but instead engaged in further acts to conceal their violations of ERISA's fiduciary rules. *Inter alia*, Defendants sent summary annual reports and annual benefit statements to Plaintiff and other Plan participants purporting to set forth the actual value of the ESOP's BRIJON stock. However, as alleged above, the values set forth in the summary annual reports and annual benefit statements was much lower than the actual value of the ESOP's BRIJON stock.

## CLASS ACTION ALLEGATIONS

25.   Plaintiff brings the First and Second Claims for Relief for violations of ERISA §§ 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3), as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b), on behalf of all persons who were participants in the ESOP when BRIJON terminated the ESOP effective in or about 2012 and/or beneficiaries of such ESOP participants (hereinafter "Plaintiff Class"). Excluded from the Plaintiff Class is Defendant PHILIP BESLER and his immediate family; the officers and directors of Defendant BRIJON and the BESLER AFFLIATE COMPANIES; and legal representatives, successors, heirs, and assigns of any such excluded persons.

26.   The Plaintiff Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that over 100 employees and former employees of the BESLER AFFILIATE COMPANIES were participants, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in the ESOP at the time the Plan was terminated. Although the exact number and identities of Class Members are unknown to Plaintiff at this time, this information is easily ascertainable from the ESOP through discovery of its records.

27.   Questions of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

    i. Whether Defendants engaged in a prohibited transaction under ERISA by permitting the ESOP to dispose of its BRIJON stock in the 2011 ESOP Transaction for less than adequate consideration;

    ii. Whether Defendants engaged in a prudent investigation of the 2011 ESOP Transaction;

    iii. Whether Defendants breached a fiduciary duty to ESOP participants by causing the ESOP to dispose of its BRIJON stock in or about 2011 for less than Fair Market Value;

    iv. The amount of damages suffered by the ESOP as a result of Defendants' fiduciary violations.

28. Plaintiff's claims are typical of those of the Plaintiff Class. For example, Plaintiff, like other ESOP participants in the Plaintiff Class, suffered a diminution in the value of her ESOP account when the ESOP disposed of its BRIJON stock for less than Fair Market Value, and she continues to suffer such losses in the present because Defendants have failed to correct their decision to have the ESOP dispose of its BRIJON stock without receiving any consideration in return.

29. Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff has retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

30. Class certification of Plaintiff's First and Second Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because

adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

31. In addition, Class certification of Plaintiff's First and Second Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The members of the Class are entitled to declaratory and injunctive relief to remedy Defendants' fiduciary violations.

32. The names and addresses of the Plaintiff Class are available from the ESOP. Notice will be provided to all members of the Plaintiff Class to the extent required by Rule 23.

## COUNT I

### [Breach of Fiduciary Duty Under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. §§ 1132(a)(2) and (a)(3) by Defendants Philip Besler, Brijon, and Administrative Committee]

33. Plaintiff incorporates the preceding paragraphs as though set forth herein.

34. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. The fiduciary duty of loyalty entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

35. ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or

duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

36.  ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring an action for relief under ERISA § 409.

37.  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring an action to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

38.  Defendants PHILIP BESLER, ADMINISTRATIVE COMMITTEE, and BRIJON breached their duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). These breaches include but are not limited to the following:

    A.  Defendants failed to take reasonable steps to determine that the appraisers received complete, accurate and current information necessary to value BRIJON's stock;

    B.  Defendants failed to prudently determine that their reliance on the appraisers' valuation advice was reasonable before entering into the 2011 Transaction;

    C.  Defendants acted under a conflict of interest and their conflicts of interest tainted the 2011 Transaction;

    D.  Defendants put their own financial interests ahead of the interests of the ESOP's participants and beneficiaries;

    E.  Defendants relied upon a flawed valuation report for the 2011 Transaction;

F. Defendants relied on a valuation report that utilized an improper valuation methodology for the 2011 ESOP Transaction;

G. Defendants did not document in writing their analysis of the appraisers' valuation reports;

H. Prior to the proposed 2011 ESOP Transaction, Defendants did not adequately review and understand the appraiser's valuation report; identify and question the valuation report's underlying assumptions; make reasonable inquiry as to whether the information in the report was materially consistent with information in Defendants' possession; analyze whether the valuation report's conclusions were consistent with the data and analyses; and analyze whether the valuation report was internally consistent in material respects;

I. Defendants caused the ESOP to sell its BRIJON stock for less than Fair Market Value in or about 2011;

J. Defendants failed to conduct a thorough and independent review and adequately consider whether the ESOP's 2011 disposal of BRIJON stock was in the best interests of the Plan participants;

K. Defendants failed to undertake an adequate and independent valuation of the BRIJON stock prior to the 2011 ESOP Transaction;

L. Defendants failed to make certain that reliance on any and all valuation experts' advice was reasonably justified under the circumstances of the 2011 ESOP Transaction;

M. Defendants failed to adequately consider all material facts in negotiating

the 2011 ESOP Transaction;

N. Defendants failed to remedy the ESOP's disposal of BRIJON stock for less than Fair Market Value at any time between 2011 and the present;

O. Defendants engaged in additional acts to conceal their fiduciary violations, including sending misleading annual benefit statements and summary annual reports to Plaintiff and other ESOP participants;

P. The Defendants with the power to appoint and duty to monitor the Trustee and/or the ADMINISTRATIVE COMMITTEE failed to properly monitor the acts and omissions of the Trustee and/or the ADMINISTRATIVE COMMITTEE; and

Q. Defendants failed to pursue the ESOP's claims as the sole shareholder of BRIJON arising out of, *inter alia*, the BRIJON AFFILIATE COMPANIES' failure to pay all management services fees due to BRIJON and Defendant Philip Besler's failure to repay insurance premium loans.

39. ERISA § 410 prohibits agreements that purport to relieve a fiduciary from responsibility or liability for any fiduciary duty. 29 U.S.C. § 1110(a). Specifically, § 410 states that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a).

40. Any indemnification agreement between Defendants, on the one hand, and the ESOP, on the other hand, violates ERISA § 410 and is therefore null and void.

41. Defendant's acts and omissions caused millions of dollars of losses to the ESOP

in an amount to be proven more specifically at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants PHILIP A. BESLER, BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC., and ADMINISTRATIVE COMMITTEE FOR THE BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, jointly and severally, on this Count for damages, declaratory and injunctive relief, equitable relief, attorneys' fees and costs.

## COUNT II

**[Engaging in Prohibited Transactions Forbidden by ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b) against Defendants Philip Besler, Brijon, and Administrative Committee]**

42. Plaintiff incorporates the preceding paragraphs as though set forth herein.

43. ERISA § 406(a), 29 U.S.C. § 1106(a), requires that a plan fiduciary "shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect sale or exchange, or leasing of any property between the plan and a party in interest," or a "transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan."

44. ERISA § 406(b), 29 U.S.C. § 1106(b), mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "deal with the assets of the plan in his own interest or for his own account," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

45. ERISA § 408(e), 29 U.S.C. § 1108(e) provides a conditional exemption from the prohibited transaction rules for sale of employer securities to or from a plan if a sale is made for

adequate consideration. ERISA § 3(18)(B) defines adequate consideration as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary." ERISA's legislative history and existing case law make clear that ERISA § 3(18)(B) requires that the price paid must reflect the Fair Market Value of the asset, and the fiduciary must conduct a prudent investigation to determine the Fair Market Value of the asset.

46.  Defendant PHILIP BESLER, ADMINISTRATIVE COMMITTEE, and BRIJON engaged in a prohibited transaction in violation of ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b), in the 2011 ESOP Transaction, and the prohibited transaction did not meet the conditional exemption requirements of ERISA § 408(e), 29 U.S.C. § 1108(e). Defendants failed to ensure that the ESOP received fair market value for the ESOP's BRIJON stock in the 2011 ESOP Transaction. Specifically, the ESOP received less than Fair Market Value for its BRIJON stock.

47.  Defendants engaged in a prohibited transaction in violation of ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b), by causing the ESOP to dispose of its BRIJON stock for less than adequate consideration in or about 2011. Defendants failed to conduct an independent and prudent investigation into the fair market price before entering into the stock purchase agreement with BRIJON. Defendants failed to, among other things, ensure that they secured a reliable and independent expert appraisal of the Fair Market Value of BRIJON stock prior to the 2011 ESOP Transaction; and make certain that reliance on any and all valuation experts' advice was reasonably justified under the circumstances of the Transaction.

48.  ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such

other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary or an order barring the fiduciary from serving as a fiduciary of an ERISA plan in the future.

49. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for relief under ERISA § 409.

50. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

51. Defendants have caused millions of dollars of losses to the ESOP by the prohibited transactions in an amount to be proven more specifically at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants PHILIP A. BESLER, BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC., and ADMINISTRATIVE COMMITTEE FOR THE BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, jointly and severally, on this Count for damages, declaratory and injunctive relief, equitable relief, attorneys' fees and costs.

### PRAYER

**WHEREFORE**, Plaintiff prays for judgment against the Defendants and each of them on each Claim for Relief and for the following relief:

**As to Count I:**

   A. Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named Plaintiff as class representative and her counsel as class counsel;

   B. Declare that Defendants and each of them have breached their fiduciary duties to the

Plaintiff Class and/or knowingly participated in breaches of fiduciary duty;

C. Enjoin Defendants and each of them from further violations of its fiduciary responsibilities, obligations and duties;

D. Issue a preliminary and permanent injunction removing Defendants as fiduciaries and Trustee of the ESOP and/or barring Defendants from serving as fiduciaries or Trustees of the ESOP or other ERISA plans in the future, and appointing a new independent fiduciary as Trustee of the ESOP or a successor trust;

E. Order that Defendants make good to the ESOP and/or to any successor trust(s) the losses resulting from their breaches and restoring any profits they have made through use of assets of the ESOP;

F. Order the establishment of a successor trust for benefits owing to participants and beneficiaries whose Plan accounts have been distributed;

G. Order that Defendants provide other appropriate equitable relief to the ESOP, including but not limited to, surcharge, providing an accounting for profits, imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

H. Declare that any indemnification agreement between the Defendants and the ESOP violates ERISA § 410, 29 U.S.C. § 1110, and is therefore null and void.

I. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

J. Order Defendants to pay prejudgment interest; and

K. Award such other and further relief as the Court deems equitable and just.

**As to Count II:**

A. Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named Plaintiff as class representative and her counsel as class counsel;

B. Declare that Defendants and each of them have breached their fiduciary responsibilities and/or duties as a party in interest to the Plaintiff Class;

C. Enjoin Defendants and each of them from further prohibited transactions and violations of their fiduciary responsibilities, obligations and duties;

D. Issue a preliminary and permanent injunction removing Defendants as fiduciaries and Trustee of the ESOP and/or barring Defendants from serving as fiduciaries or Trustee of the ESOP or other ERISA plans in the future, and appointing a new independent fiduciary as Trustee of the ESOP or a successor trust;

E. Declare that Defendants and each of them engaged in a prohibited transaction in violation of ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b), by causing the ESOP to dispose of its BRIJON stock for less than adequate consideration;

F. Order that Defendants and each of them make good to the ESOP and/or to any successor trust(s) the losses resulting from their breaches and restoring any profits they have made through use of assets of the ESOP;

G. Order the establishment of a successor trust for benefits owing to participants and beneficiaries whose Plan accounts have been distributed;

H. Order that Defendants provide other appropriate equitable relief to the ESOP, including but not limited to, surcharge, providing an accounting for profits, imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

I. Order Defendants to pay prejudgment interest;

J. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund; and

K. Award such other and further relief as the Court deems equitable and just.

Dated: September 12, 2014

Respectfully submitted,

PRIBISH-REISS LLP

By: *[signature]*
John Pribish (JP6351)
116 Village Boulevard, Suite 200
Princeton, NJ 08540
(609) 951-2233

LEWIS, FEINBERG, LEE, RENAKER &
JACKSON, P.C.

By: *[signature]*
Daniel Feinberg (CA 135983)
476 9th Street
Oakland, CA 94607
(510) 839-6824
*Pro Hac Vice Application Pending*

SIRI & GLIMSTAD LLP

By: *[signature]*
Aaron Siri (NY 4321790)
120 East 31st Street
New York, NY 10016
(212) 532-1091
*Pro Hac Vice Application Pending*

*Attorneys for Plaintiff*