**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WEMA HOOVER, | : |
| Plaintiff, | : Civil Action No. 14-5786 (MAS) (DEA) |
| v. | : |
| PHILIP A. BESLER, et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**SHIPP, District Judge**

Plaintiff Wema Hoover ("Hoover" or "Plaintiff") brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against defendants Philip Besler ("Besler"), Brijon Management & Employee Leasing Services, Inc. ("Brijon"), the Administrative Committee for the Brijon Management & Employee Leasing Services, Inc. Employee Stock Ownership Plan (the "Committee"), and the Brijon Management & Employee Leasing Services, Inc. Employee Stock Ownership Plan (the "ESOP") (collectively, "Defendants"). The matter is before the Court on the ESOP's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 23.) The Court has carefully considered the parties' submissions and has decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the ESOP's motion is granted.

**I.      Background**

Plaintiff is a former employee of Brijon and Besler Consulting, both of whom were participating employers in the ESOP. (Compl. ¶ 1, ECF No. 1.) The Complaint alleges that in or about 2011, Besler, Brijon, and the Committee breached their fiduciary duties under ERISA,

specifically 29 U.S.C. § 1104(a)(1), by causing the ESOP to sell all of its holdings in Brijon stock for an amount that was allegedly substantially less than the stock's fair market value. (Compl., Count I.) The Complaint further alleges that the sale of the stock for less than adequate consideration was a prohibited transaction under ERISA, 29 U.S.C. § 1106(a), (b). (*Id.*, Count II.) The ESOP was terminated in 2012. (*Id.* ¶ 23.) Plaintiff alleges that, as a result of the sale of the improperly valued stock, she and other ESOP participants received "only a small distribution from the ESOP" at the time of its termination, which allegedly represented less than the fair market value of the Brijon stock held in their individual ESOP accounts. (*Id.*)

Neither count of the Complaint contains a claim against the ESOP. Rather, the Complaint states that the ESOP is "joined as a party Defendant pursuant to Rule 19(a) . . . solely to assure that complete relief can be granted." (*Id.* ¶ 10.) By way of the instant motion, the ESOP has moved to be dismissed from the action.

## II. Discussion

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, in order to withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and, therefore, survives a motion to dismiss, the Third Circuit has set forth a three-step analysis. A court must (1) "outline the elements a plaintiff must plead to a state a claim for relief"; (2) "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

There is no dispute here that Plaintiff has failed to plead any facts that state a plausible claim for relief against the ESOP. Plaintiff acknowledges as much, noting that "[t]he ESOP is not named in either Count" and that she "asserts no claims against the ESOP and is therefore not suing it." (Pl.'s Opp'n Br. 1, 5, ECF No. 24.) Plaintiff, nevertheless, opposes the ESOP's motion, claiming that the ESOP has been named as a defendant because it is a necessary party pursuant to Federal Rule of Civil Procedure 19. Specifically, Plaintiff contends that the ESOP is necessary to this litigation to assure that complete relief can be granted among the parties. (Compl. ¶ 11; Pl.'s Opp'n Br. 5.)

> A party is necessary under Federal Rule of Civil Procedure 19 if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

3

Fed. R. Civ. P. 19. As the party asserting that the ESOP is a required party under Rule 19, Plaintiff bears the burden of establishing that the ESOP is necessary to this litigation. *See Feuerstein v. Simpson*, 582 F. App'x 93, 99 (3d Cir. 2014) (citing *Hood ex rel Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)) ("The burden of showing that joinder is necessary is on the party advocating for joinder.") Plaintiff has simply not made that showing.

When examining whether "complete relief can be accorded to the parties to the action in the absence of the unjoined party[,] . . . the inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993). Notably, "[t]he effect a decision may have on the absent party is not material." *Id.* Here, however, Plaintiff's argument focuses entirely upon the effect the litigation could have on the ESOP rather than addressing how the Court would be unable to grant complete relief without the ESOP being joined in this case. For example, Plaintiff repeatedly contends that her claims implicate the ESOP's interests and that her requested relief will affect the ESOP's assets and its administration. (Pl.'s Opp'n Br. 1-3, 6.) The examples given by Plaintiff as to how her claims and the requested relief will "affect[] the ESOP and its administration" are as follows:

> [R]ecovering millions of dollars of losses to the ESOP; requiring Defendants to restore the ESOP's losses to the ESOP or a successor trust; removing the Defendants as fiduciaries or Trustees of the ESOP; barring Defendants from serving as fiduciaries or Trustees of the ESOP or any successor trust; appointing an independent fiduciary as Trustee of the ESOP or a successor trust; and declaring that any indemnification agreement between the defendants and the ESOP is null and void because it violates ERISA § 410, 29 U.S.C. § 1110.

(*Id.* at 3.)

Plaintiff's argument, however, appears to ignore the fact, as asserted in the Complaint, that the ESOP has been terminated. Furthermore, Plaintiff's arguments are conclusory and based

on allegations that are unsupported by assertions of fact. For example, Plaintiff points to her request for relief "declaring that any indemnification agreement between defendants and the ESOP is null and void" (Pl.'s Opp'n Br. 3), but there is no allegation in the Complaint that an indemnification agreement between the parties actually exists. Consequently, Plaintiff's sweeping and conclusory allegations of the potential effects on the ESOP do not establish that the ESOP is a necessary party under Rule 19.

Moreover, the cases cited by Plaintiff are not persuasive. For example, Plaintiff primarily relies on *Marshall v. Snyder*, 572 F.2d 894 (2d Cir. 1978), a case in which the Secretary of Labor sought relief with respect to a plan's ongoing practices. The *Marshall* court stated:

> *It may be that, inasmuch as the trustees of the Plans are defendants in the action, effective relief can be granted without joinder of the three plans as parties to the proceeding.* The plans, however, are clearly proper if not indispensable parties to the proceeding, and it would appear that if, as may be unavoidable, the Secretary will press for very broad relief affecting many aspects of the three plans and their administration, they should be joined as proper parties defendant which may later become necessary parties.

*Marshall*, 572 F.2d at 897 (emphasis added). Unlike the facts in *Marshall*, the present case deals with a terminated plan. Moreover, the *Marshall* court merely observed that a plan "may" be a necessary party to such an action but did not actually decide the issue. As such, Plaintiff's reliance upon *Marshall* is of no avail.

The remaining cases cited by Plaintiff similarly involved existing plans. In *McDougall v. Donovan*, 552 F. Supp. 1206 (N.D. Ill. 1982), and *Solis v. Webb*, 931 F. Supp. 2d 936 (N.D. Cal. 2012), the issues that concerned the courts involved the ongoing administration of existing plans. *See McDougall*, 552 F. Supp. at 1211 ("[T]he Fund may become a necessary party inasmuch as provisions regarding its *future administration* may be required for complete relief.") (emphasis added); *Solis*, 931 F. Supp. 2d at 956 ("[Plaintiff's] Prayers for Relief are likely to impact

5

administration of the ESOP . . . "). Those same concerns are not present here, where there will be no ongoing administration of the ESOP.

Accordingly, the Court finds that Plaintiff has not shown that the ESOP is a necessary party under Rule 19. Having failed to state a claim against the ESOP, Plaintiff's complaint is dismissed as to the ESOP pursuant to Rule 12(b)(6).

### III. Conclusion

For the reasons above, the ESOP's motion to dismiss is granted. An appropriate order accompanies this Memorandum Opinion.

                                                             s/ Michael A. Shipp
                                        **MICHAEL A. SHIPP**
                                        **UNITED STATES DISTRICT JUDGE**

Dated: June 30, 2015