**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WEMA HOOVER, | : |
| Plaintiff, | : Civil Action No. 14-5786 (MAS) (DEA) |
| v. | : |
| PHILIP A. BESLER, *et al.*, | : **MEMORANDUM OPINION & ORDER** |
| Defendants. | : |

**ARPERT, Magistrate Judge.**

  This matter comes before the Court on a motion by Plaintiff to amend the complaint and on Plaintiff's informal application to compel discovery. With regard to the motion to amend, Plaintiff seeks leave to add to this action three new defendants, CarolBri, LLC, Besler & Co., and Michael Mullaugh, and to include additional allegations based upon facts learned since the filing of the Complaint. Defendants, Philip Besler ("Besler"), Brijon Management & Employee Leasing Services, Inc. ("Brijon"), and the Administrative Committee for the Brijon Management & Employee Leasing Services, Inc. Employee Stock Ownership Plan (the "Committee") (collectively, "Defendants") have partially opposed the motion. For the reasons below, Plaintiff's motion is granted in part and denied in part.

**I. BACKGROUND**[1]

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against Besler, Brijon, and the Committee. One defendant, the Brijon Management & Employee Leasing Services, Inc. Employee Stock Ownership Plan (the "ESOP"), was dismissed from this case on June 30, 2015. ECF No. 48.

Plaintiff is a former employee of Brijon and proposed defendant Besler & Co., and was a participant in the ESOP. She alleges that in or about 2011, Besler, Brijon and the Committee breached their fiduciary duties under ERISA, specifically 29 U.S.C. § 1104(a)(1), by causing the ESOP to sell all of its holdings in Brijon stock for an amount that was substantially less than the stock's fair market value (referred to herein as the "2011 Transaction"). ECF No. 1, Count I. As a result, she alleges, participants in the ESOP received less than they were entitled to upon termination of the ESOP. The Complaint further alleges that the sale of the stock for less than adequate consideration was a prohibited transaction under ERISA, 29 U.S.C. §§ 1106(a), (b). *Id.*, Count II.

According to the proposed Amended Complaint, Brijon and its affiliate companies adopted the ESOP in 2002 and appointed Philip Besler as Trustee and member of the Committee. About that same time, the ESOP purchased 100% of Brijon's stock from Philip Besler. The stock was purchased in exchange for a promissory note with a ten-year term. As part of this transaction, Brijon entered into an agreement with Philip Besler under which Brijon would pay premiums of $2 million per year over five years for a life insurance policy for Besler. Besler was to repay the premiums or grant an irrevocable assignment of policy funds to Brijon, but it is alleged that no repayment was ever made.

---

[1] The facts herein are derived from Plaintiff's proposed Amended Complaint unless otherwise specified and do not represent any factual findings of the Court.

Also as part of the 2002 ESOP transaction, Philip Besler entered into an employment agreement with Brijon pursuant to which he became an officer at Brjion and received "a large annual salary, and substantial deferred compensation." Proposed Amended Complaint ¶ 29. It is alleged that Besler acted on behalf of Brijon with respect to both of these agreements. It is further alleged that Besler (acting on behalf of Brijon) amended his deferred compensation agreement in 2003 to substantially increase his deferred compensation.

Pursuant to certain other agreements entered into in or around 2002, employees of various affiliate companies became employees of Brjion. Brjion received fees from Besler & Co. ("BeslerCo") pursuant to these management services and employee leasing agreements. BeslerCo is described in the Amended Complaint as a New Jersey corporation and sponsor of the ESOP. It allegedly had the authority, along with Brijon, to appoint the ESOP's Trustee as well as the Committee members. The proposed Amended Complaint alleges that Philip Besler "negotiated" and executed the agreement on behalf of both Brijon and BeslerCo. Proposed Amended Complaint ¶ 23 (quotation marks in original).

Separate management services and employee leasing agreements between Brjion and an affiliate were entered into in or about 2003.[2] The proposed Amended Complaint describes a Business Management Agreement, effective as of August 1, 2003, between Brijon and an affiliate pursuant to which, among other things, Brijon agreed to lend Philip Besler up to $4 million. At the same time, Brijon also entered into an Employee Leasing Services Agreement with that affiliate, under which the affiliate paid Brijon a fee for employee leasing services.

---

[2] The proposed Amended Complaint states these agreements were effective August 1, 2003, but Plaintiff in her papers as well as the proposed Amended Complaint itself sometimes refers to the time period of these agreements as 2004, so the date they were actually executed is unclear. The Court refers to these agreements at times as the "2003/2004 agreements."

3

According to the proposed Amended Complaint, the value of Brijon at this time, whose was stock purchased and owned entirely by the ESOP, was comprised of payments due from Philip Besler for the loan and life insurance, and payments due from the affiliate companies under the aforementioned business management and employee leasing agreements. Plaintiff alleges that the affiliate companies that were parties to the management services agreements have not made all payments due to Brjion. It is further alleged that Philip Besler is responsible for this non-payment.

The proposed Amended Complaint alleges that in 2008, Philip Besler and BeslerCo settled a legal action alleging Medicare fraud by paying the United States $2.875 million. Plaintiff alleges that this settlement was among the reasons that Besler made the decision to discontinue and terminate the ESOP effective July 2009. While Besler advised participants that the value of the ESOP had been adversely affected by the economic downturn and these steps were being taken to prevent future erosion of its value, Plaintiff contends this was not true. She alleges in the proposed Amended Complaint that the value of Brijon stock would not have been affected by the recession but, rather, was largely based on the value of the loan between Besler and Brijon.

Michael Mullaugh was appointed as "temporary independent trustee" of the ESOP for the purposes of the 2011 Transaction. Mullaugh had acted in this capacity once before in or about 2004. At that time, he approved a series of transactions, including Brijon's agreement to loan up to $4 million to Philip Besler. In 2011, Mullaugh approved the sale by the ESOP of its Brijon stock to CarolBri, LLC ("CarolBri") for $468,000. According to the proposed Amended Complaint, CarolBri is a New Jersey corporation owned solely by Philip Besler. It

alleges that Besler created CarolBri for the sole purpose of purchasing the ESOP's stock holdings.

Plaintiff alleges that Mullaugh failed to conduct due diligence in approving the 2011 Transaction and, further, relied upon an unreliable appraisal of Brijon's stock that was prepared in 2009. Among other things, Plaintiff alleges that the appraisal did not properly account for Brijon's liabilities under the deferred compensation agreement with Philip Besler, any loan to Philip Besler under the 2003/2004 agreements, or Brijon's claims for unpaid management services fees. As a result, it is alleged that Mullaugh approved the sale of the ESOP's stock for significantly less than market value.

In addition to many of the facts detailed above, which Plaintiff alleges she learned only through discovery in this action, the proposed Amended Complaint seeks to add three defendants, CarolBri, BeslerCo, and Michael Mullaugh.

## II.  Analysis

### A.  Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of

the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Defendants argue that certain of the amendments sought by Plaintiff are futile. Specifically, they contend that to the extent that the proposed Amended Complaint seeks to assert any claims relating to actions or inactions that took place prior to September 18, 2008 (*i.e.*, six years prior to the date Plaintiff filed this action), such claims are time-barred. Defendants do not, however, oppose the addition of the three new defendants "to the extent that any claims against them" are not time-barred. ECF 44 at 1, n.1.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the District Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To determine if a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face [.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put succinctly, the alleged facts must be sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In determining futility,

the Court considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Plaintiff's Proposed Amended Complaint alleges various breaches of fiduciary duty and/or co-fiduciary duty claims under ERISA.  As such, these claims are governed by the limitations periods set forth in ERISA § 413, 29 U.S.C § 1113. This section provides that

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of –
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

As Plaintiff concedes, while the proposed Amended Complaint focuses primarily on the 2011 Transaction, it also alleges that certain prior transactions (such as an agreement in or about 2003 pursuant to which Brjion agreed to lend Besler $4 million) involved breaches of fiduciary duties under ERISA.  Plaintiff contends her claims relating to such transactions are timely by application of the "fraud or concealment" exception, which permits a claim to be commenced within six years after the date of discovery of a breach.  *Id.*  In effect, § 413's "fraud and concealment" exception applies the federal common law discovery rule to ERISA breach of fiduciary duty claims.  *Kurz v. Philadelphia Elec. Co.*, 96 F.3d 1544, 1552 (3d Cir. 1996).

7

A statute of limitations defense is an affirmative defense that a defendant must usually plead in his answer. A plaintiff is not required to plead in a complaint facts sufficient to overcome an affirmative defense. *Schmidt v. Skolas*, 770 F.3d 241, 249-51. (3d Cir. 2014). Only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations" will a complaint fail to survive 12(b)(6) scrutiny and, thus, be considered futile for the purposes of a motion to amend. *Id.* at 249; *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) ("If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).") (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

The Third Circuit has stated, in the context of the common law discovery rule, that when "the pleading does not reveal when the limitations period began to run ... the statute of limitations cannot justify Rule 12 dismissal." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). Importantly, a court "may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Schmidt*, 770 F.3d at 251. Nevertheless, in the context of § 413, where a plaintiff is invoking the "fraud or concealment" exception, the Third Circuit has held that facts supporting application of the exception should be pled in the complaint. *See Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006) (affirming 12(b)(6) dismissal and rejecting the argument that discovery may reveal facts to support "fraud or concealment exception" and noting that "[t]o the extent that any misleading communication did occur, or was believed to have occurred, it should have been pled in the complaint, but it was not").

Applying the principles above, the Court concludes that only one claim[3] on the face of the proposed Amended Complaint falls outside of the six year limitations period of § 413(1) and is, therefore, futile.  In ¶ 68(R) of the proposed Amended Complaint, Plaintiff contends that Mullaugh breached his fiduciary duty by approving "a series of transactions on behalf of the ESOP in 2004, including an agreement by Brijon to loan up to $4 million to Philip Besler."  Proposed Amended Complaint at ¶ 69(R).  While there are bald allegations throughout the complaint that Defendants "concealed" various agreements and actions from Plaintiff and other Plan participants, there are no factual allegations detailing any steps undertaken by Defendants to conceal the alleged breaches of fiduciary duty.  Thus, the Court finds that the fraud or concealment exception to § 413 does not operate to save this claim.

Consequently, the Court will grant Plaintiff's Motion to Amend the Complaint with two exceptions.  The motion is denied as to the claim in ¶ 69(R).  The motion is further denied with respect to the extent it purports to bring claims against the ESOP, as the ESOP has been previously dismissed from this action.  See ECF No. 48.

B.  Discovery Dispute

A dispute has arisen between the parties regarding the scope of discovery in two areas.  First, the parties disagree as to whether Plaintiff is entitled to discovery with respect to the series of 2003/2004 agreements.  Second, the parties disagree as to whether Plaintiff may seek discovery regarding Mullaugh's review of these agreements.  Defendants' first objection to the production of these documents is that they are not related to allegations in the original complaint.  That argument has been rendered moot in light of the Court's decision on

---

[3] It would have been helpful to the Court and perhaps advantageous to Defendants' position for Defendants to have identified each claim that they contend is futile and the date they believe each such claim accrued.  Rather, Defendants argue only that "all claims arising prior to September 18, 2008" are futile, and do not specifically identify to which claims they refer.

9

Plaintiff's motion to amend the complaint. Defendants further argue that Plaintiff is not entitled to discovery because her allegations are speculative and information regarding payments owed to Brijon can be obtained from Brijon's financial statements.

It is well established that the scope of discovery in federal litigation is broad. *See* Fed. R. Civ. P. 26(b)(1). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. *Id.*; *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Relevancy is defined as "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case ..." Fed.R.Civ.P. 26(b); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Lugosch v. Congel*, 218 F.R.D. 41, 44 (N.D.N.Y.2003) ("[t]o be relevant, the request for information must be 'germane' to the subject matter of the claim, defenses or counterclaims, though not necessarily limited by such pleadings, and is not controlled by whether it will be admissible at trial"). Moreover, information sought by the parties need not be admissible at trial if it is "reasonably calculated" to lead to discovery of admissible evidence. Fed. R. Civ. P. 26.

While the scope of discovery is undoubtedly broad, the Federal Rules also provide that a Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Further, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be

discovered as possible ... while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." *Schmulovich v. 1161 Rt. 9 LLC*, 2007 U.S. Dist. LEXIS 59705, at *3-4, 2007 WL 2362598 (D.N.J.2007); *see also Pearson*, 211 F.3d at 65; Fed. R. Civ. P. 26(c).

Rule 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a document request propounded pursuant to Rule 34. Fed. R. Civ. P. 37. Ultimately, it is within the discretion of the Court to grant a motion to compel disclosure for good cause shown. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661 (3d Cir. 2003).

The Court, having granted Plaintiff's motion to amend, finds that Plaintiff is entitled to discovery regarding the 2003/2004 agreements in light of the allegations in the Amended Complaint. As Plaintiff contends, these agreements are not discussed in the 2009 valuation report that was relied upon in the 2011 Transaction, but income and liabilities resulting from these agreements may have had an effect on Brijon's value. As such, the agreements and their terms are relevant to the allegations in this action.

However, the Court finds that Plaintiff is not entitled to discovery regarding Mullaugh's 2004 review of the agreements. The Court has denied Plaintiff leave to amend her complaint to assert a claim that Mullaugh approved the 2003/2004 transactions without adequate investigation. As such, the Court finds no basis in this case for discovery into Mullaugh's review of the agreements.

### III. Conclusion and Order

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

11

IT IS on this 5th day of October, 2015,

ORDERED that Plaintiff's motion [ECF No. 40] for leave to file an amended complaint is granted in part and denied in part; and it is further

ORDERED that Plaintiff shall file an amended complaint in conformance with this Opinion no later than 14 days from the date of this Order; and it is further

ORDERED Plaintiff's informal application to compel discovery is granted in part and denied in part; and it is further

ORDERED that Plaintiff may seek discovery with respect to the 2003/2004 agreements but not as to Mullaugh's review of those agreements.

   s/ Douglas E. Arpert
DOUGLAS E. ARPERT, U.S.M.J.