## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

WEMA HOOVER,

                Plaintiff,

v.

BRIJON MANAGEMENT &
EMPLOYEES LEASING SERVICES,
INC., *et al.*,

                Defendants.

**CASE NO.: 3:14-cv-05786-MAS-DEA**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement") is made and entered by and among Named Plaintiff Wema Hoover, individually and on behalf of a class of similarly situated persons, and Defendants Philip A. Besler, Brijon Management & Employee Leasing Services, Inc., Besler & Co., Inc., the Administrative Committee for the Brijon Management & Employee Leasing Services, Inc. Employee Stock Ownership Plan, CarolBri, LLC, and Michael Mullaugh, all by and through counsel for the respective parties.

## 1.  DEFINITIONS

1.1.  Rules of Definition.  Unless otherwise indicated, defined terms include the plural as well as the singular.  Any term defined by reference to a section of this Settlement Agreement shall have the same meaning throughout the

entire Settlement Agreement and, unless such meaning is expressly amended subsequently in writing by the Parties or the Court, such meaning shall remain in effect whether or not the Settlement Agreement is subsequently amended or modified. Unless the context otherwise requires, the words "include", "includes" and "including" are not limiting and shall be deemed to be followed by the words "without limitation"; and the terms "hereof", "herein", "hereunder" and comparable terms refer to this entire Settlement Agreement and not to any particular article, section, subsection, or subdivision the Settlement Agreement.

1.2.    Defined Terms.  As used in this Settlement Agreement, the following terms have the meanings specified below:

1.2.1. "Action" means that lawsuit currently pending in the United States District Court for the District of New Jersey captioned *Hoover v. Brijon Management & Employee Leasing Services, Inc., et al.*, Case No. 3:14-cv-05786-MAS-DEA.

1.2.2. "Beneficiary" or "Beneficiaries" shall have the meaning given to the term in 29 U.S.C. § 1002(8).

1.2.3. "Claims" means any and all manner of claims, including, actions, causes of actions, potential actions, rights to enforce, suits, controversies, costs, attorneys' fees and expenses, damages, losses, obligations, liabilities, judgments,

and demands whatsoever, known or unknown, suspect and unsuspected, accrued or unaccrued, whether class, individual, or otherwise, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, in contract, or in equity, and regardless of legal theory.

1.2.4. "Claims Administrator" means the Garden City Group, Inc., a non-party appointed by the Court to distribute the Class Notices.

1.2.5. "Class Counsel" means Feinberg Jackson Worthman & Wasow, LLP.

1.2.6. "Class Notice" or "Class Notices" means the notice appended as Attachment 1 to the form of Preliminary Approval Order attached hereto as Exhibit 4.

1.2.7. "Class Period" means the period from September 18, 2008 through September 18, 2014, inclusive.

1.2.8. "Complaint" means the Amended Class Action Complaint filed in this Action on October 15, 2015 (ECF No. 53) which superseded and replaced the original Complaint filed in this Action.

1.2.9. "Court" means the United States District Court for the District of New Jersey, which presides over the Action.

1.2.10. "Defendants" means Philip A. Besler ("Besler"), Brijon Management

3

& Employee Leasing Services, Inc. ("Brijon"), Besler & Co., Inc. ("BeslerCo"), the Administrative Committee for the Brijon Employee Stock Ownership Plan ("Committee"), CarolBri, LLC ("CarolBri"), and Michael Mullaugh.

1.2.11.  "DOL" means the United States Department of Labor.

1.2.12.  "Effective Date of Settlement" means the date on which all of the conditions to settlement set forth in Section 4.1 through 4.4 of this Settlement Agreement have been fully satisfied or waived.

1.2.13.  "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended, including all regulations promulgated thereunder.

1.2.14.  "ESOP" means the Brijon Management & Employee Leasing Services, Inc. Employee Stock Ownership Plan.

1.2.15.  "Execution Date" means the date of the last of the signatures required to form the agreement embodied in this Settlement Agreement.

1.2.16.  "Final", with respect to a court order, means the later of (i) if there is an appeal from a court order, the date of the final decision on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final decision of the order following review pursuant to the grant; or (ii) the

4

date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought).

1.2.17.   "Fairness Hearing" means the hearing at or after which the Court will be asked to make a final decision, pursuant to Federal Rule of Civil Procedure 23(e), as to whether this Settlement is fair, reasonable, and adequate to settle the Claims asserted in the Action by Named Plaintiff on behalf of herself and Settlement Class Members against Defendants and whether the Court should approve the Settlement.

1.2.18.  "Fiduciary" or "Fiduciaries" shall have the meaning given to the term in 29 U.S.C. § 1002(21).

1.2.19.  "Final Approval Order and Judgment" has the meaning set forth in Section 4.1.5 and shall be substantially in the form attached hereto as Exhibit 5.

1.2.20.  "Named Plaintiff" means Wema Hoover, the plaintiff in the Action.

5

1.2.21. "Preliminary Approval Order" has the meaning set forth in Section 4.1 and shall be substantially in the form attached hereto as Exhibit 4.

1.2.22. "Preliminary Approval Motion" has the meaning set forth in Section 4.1.1 and shall be substantially in the form attached hereto as Exhibit 3.

1.2.23. "Order Appointing Special Master" means the November 18, 2016 Stipulation and Order Appointing Special Master entered in this Action and attached hereto as Exhibit 2.

1.2.24. "Person" means an individual, corporation, partnership, limited partnership, association, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.2.25. "Parties" means Named Plaintiff and Defendants.

1.2.26. "Participant(s)" shall have the meaning given to the term in 29 U.S.C. § 1002(7), and shall expressly include any Beneficiaries that were, at any time during Class Period, eligible for any benefits from or through the ESOP.

1.2.27.    "Released Claims" means (i) all Claims, including Unknown Claims, arising under or relating to the ESOP that were asserted, or could have been asserted, in this Action by the Parties and/or Settlement Class Members; and (ii) all Claims, including Unknown Claims, that Named Plaintiff, on the one hand,

and any Defendant, on the other hand, may have against the other side. Claims to enforce the Settlement are not included in the definition of "Released Claims".

1.2.28. "Released Persons" means each of the Defendants, including any Defendant's officers, directors, employees, and agents, and Settlement Class Members and their agents.

1.2.29. "Settlement" means the settlement to be consummated under this Settlement Agreement pursuant to the Final Approval Order and Judgment.

1.2.30. "Settlement Class" means all Persons who were Participants in the ESOP during the Class Period, not including Defendants, any officer or director of Brijon, and any immediate family member of a Defendant or any officer or director of Brijon.

1.2.31. "Settlement Class Member" or "Settlement Class Members" means any Person who falls within the definition of the Settlement Class, including the Named Plaintiff.

1.2.32. "Settlement Memorandum of Understanding" means the document attached hereto as Exhibit 1 and entitled the "Hoover v. Brijon, et al. Settlement Memorandum of Understanding" which was entered into by the Parties following a mediation which took place on May 18, 2016 with JAMS Mediator Jed D. Melnick, Esq.

7

1.2.33. "Special Master" means Michael Eggers, a business valuation specialist, who the Parties jointly requested be appointed by the Court for the purpose of determining the fair market value of the Brijon stock held by the Brijon ESOP as of the date of the sale of that stock to CarolBri and who was so appointed by the Court on November 18, 2016 in the Order Appointing Special Master.

1.2.34. "Special Master Report" shall mean the Special Master Report prepared by the Special Master on or about February 3, 2017, and which, on February 17, 2017 and pursuant to the Settlement Memorandum of Understanding and the Order Appointing Special Master, became a final and binding determination of the fair market value of the Brijon stock held by the ESOP as of the date of the sale of that stock to CarolBri.

1.2.35. "Unknown Claims" means any and all Claims which Settlement Class Members and/or Defendants do not know or suspect to exist in his, her or its favor on or before the Effective Date of Settlement. The Parties stipulate and agree that, upon the Effective Date of Settlement, Named Plaintiff and all other Settlement Class Members and Defendants shall be deemed to have waived, and by operation of the Final Approval Order and Judgment, shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or any principle of common law or foreign law, which is similar,

8

comparable or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement, but that it is their intention to release and settle fully, finally, and forever any and all of the Released Claims, subject to the terms and conditions provided herein, and in furtherance of such intention, the releases shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was specifically bargained for and is a key element of the Settlement.

## 2.    RECITALS

2.1.   On behalf of herself and the Settlement Class Members, Named Plaintiff filed the Complaint in this Action asserting various claims for relief under ERISA.   The primary claim in the Action relates to Named Plaintiff's allegation that Defendants violated ERISA by failing to ensure that the ESOP received fair market value for the Brijon stock it sold to CarolBri in or around August 2011.

2.2.   Defendants dispute the claims asserted in the Action and deny any wrongdoing, including any alleged breach of fiduciary duty.   Defendants also

specifically deny any wrongdoing in connection with the sale of the Brijon stock held by the ESOP to CarolBri in or around August 2011.

2.3.    Class Counsel have conducted an extensive investigation and evaluation of the facts and law relating to the claims asserted in the Action to determine how to best serve the interests of Named Plaintiff and the Settlement Class Members. Defendants' counsel have also conducted similar investigations on behalf of their respective clients.

2.4.    Named Plaintiff, individually and on behalf of the Settlement Class Members, on the one hand, and Defendants, on the other hand, wish to amicably end and bring to rest the protracted litigation, disputes and claims between them in their respective best interests.

2.5.    Counsel for the Parties have engaged in extensive arm's-length negotiations prior to entering into this Settlement Agreement, including participating in a mediation with JAMS Mediator Jed D. Melnick, Esq., an individual experienced in mediating complex ERISA actions, on May 18, 2016. This mediation ultimately resulted in the Parties entering into the Settlement Memorandum of Understanding and consenting to the Order Appointing Special Master.

11

2.6.   This Settlement Agreement sets forth the terms and conditions for a proposed settlement of this Action and is consistent with the findings of the Special Master who determined that the amount of money that CarolBri paid the ESOP for the Brijon stock at issue in August 2011 "was at or exceeded the fair market value of the stock as of the date of the [stock] transaction." Pursuant to the Order Appointing Special Master, the Special Master's finding constitutes "a final and binding determination of the fair market value of the [Brijon] stock as of the date of the transaction at issue" in this Action.

2.7.   Named Plaintiff and Class Counsel believe that this Settlement Agreement, including the identification of Settlement Class Members and the procedure for notifying Settlement Class Members of the Settlement, is fair, reasonable and adequate, and agree to settle the Action, pursuant to the provisions of this Settlement Agreement, after considering such factors as the findings of the Special Master, the benefits to Named Plaintiff and the Settlement Class Members under the terms of this Settlement Agreement, and the attendant risks and uncertainties of litigation.

2.8.   By reaching the Settlement, which is memorialized in its entirety in this Settlement Agreement, none of the Defendants admit or concede any wrongdoing, liability or improper conduct of any nature in connection with any

facts or claims that have been or could have been raised against any one or more of them in the Action, or in any other forum. Defendants consider it desirable for the Action to be settled and dismissed because the proposed settlement will (1) finally resolve the issues presented by the Action; and (2) put Named Plaintiff's Claims and the underlying matters at issue in this Action to rest without further undue delay or expense to the Parties.

NOW THEREFORE, in light of the foregoing, and in consideration of the mutual promises, agreements and covenants contained herein, the sufficiency and receipt of which are hereby acknowledged, it is hereby stipulated and agreed, by, between and among the Parties, that the Action and the matters raised by it hereby will be settled, compromised, and dismissed on the merits and with prejudice on the following terms and conditions, subject to the approval of the Court and the terms set forth herein.

## 3.     SCOPE OF SETTLEMENT CLASS

3.1.   Scope of the Settlement Class.    Upon entry of the Final Approval Order and Judgment, this Settlement Agreement shall settle, compromise, and resolve all Released Claims and shall apply to Named Plaintiff and all Settlement Class Members.

3.2.   <u>Materiality of Scope of Settlement and Settlement Class.</u>   Without limiting any term hereof, the Parties understand and agree that Defendants would not enter into this Settlement Agreement were it not for the understanding that the Action and Released Claims are being fully and finally compromised and settled and that all Settlement Class Members will be bound by this Settlement.

3.3.   <u>No Admission or Waiver.</u>   The Parties enter into this Settlement Agreement solely to terminate all controversies regarding the matters settled and compromised, and to avoid the expense, inconvenience, and delay of further litigation, without any admission of any liability whatsoever by Defendants. Neither this Settlement Agreement, nor any exhibit or document referenced herein and/or attached hereto (all of which are an integral part of the Settlement and are hereby incorporated in their entirety by reference), nor any action taken to reach, effectuate, or further this Settlement Agreement or the Settlement, may be construed as, or may be used as an admission by or against any of the Parties, of any fault, wrongdoing or liability whatsoever, or as a waiver or limitation of any defense.

**4.   CONDITIONS   AND   OBLIGATIONS   RELATING   TO   THE EFFECTIVENESS OF THE SETTLEMENT**

14

The Parties shall have the following obligations, and the Settlement is contingent on the conditions set forth in Sections 4.1 through 4.4, inclusive, unless waived in writing by the Parties.

4.1.    Condition #1: Court Approval. The Court will be notified as soon as practicable of the execution of the Settlement Agreement and of the relevant terms regarding the effectuation of the Settlement.  The Parties' rights and obligations under the Settlement are contingent upon and subject to the Final Approval Order and Judgment being entered by the Court and becoming Final.  The Parties shall seek from the Court (i) preliminary approval of the terms of the Settlement, (ii) preliminary certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(1), (iii) approval of the form of Class Notice of the Settlement, and (iv) the scheduling of Fairness Hearing date for Final approval of the Settlement as fair, reasonable, and adequate, with appropriate time allowed for objection(s) from the Settlement Class Members.

4.1.1.  Motion for Preliminary Approval of Settlement, Class Certification, and Notices.  Class Counsel, on behalf of Named Plaintiff, shall seek an order preliminarily approving the Settlement and the Parties shall, in good faith, take reasonable steps to (i) secure Court entry of the Preliminary Approval Order; and (ii) seek the scheduling of a Fairness Hearing.   The Parties agree that the

15

Preliminary Approval Motion shall be filed on or before May 31, 2017 and shall be substantially in the form attached hereto as Exhibit 3.

4.1.2. <u>Class Action Fairness Act Notice</u>. Within five (5) business days after the filing of the Preliminary Approval Motion, Defendants shall prepare and provide notice of the proposed Settlement as required under the Class Action Fairness Act, 28 U.S.C. § 1715, to the Attorneys General of the United States and all states in which members of the Settlement Class reside ("<u>CAFA Notice Recipients</u>").

4.1.3. <u>Class Certification</u>. In connection with the proceedings on the preliminary and Final approval of the proposed Settlement, Named Plaintiff, through Class Counsel, will seek orders (preliminary and Final, respectively), certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(1) and Defendants shall consent to certification of the Settlement Class for purposes of this Settlement only and for no other purpose. The Parties agree that the Settlement Class should be treated as a mandatory or non-opt-out class. The Parties also agree that if the Court does not enter the Final Approval Order and Judgment, no Settlement Class will be deemed to have been certified by or as a result of this Settlement Agreement, and the Action will for all purposes with respect to the Parties revert to its status as of February 17, 2017, such that the

findings of the Special Master contained in the Special Master Report will remain final and binding on all Parties and in the Action. In such event, Defendants will not be deemed to have consented to the certification of any class, the agreements and stipulations in this Settlement Agreement concerning class definition or class certification shall not be used as evidence or argument to support class certification or class definition, and Defendants will retain all rights to oppose certification of the Settlement Class and otherwise to defend against the Action.

4.1.4. <u>Issuance Of Class Notice</u>. As ordered by the Court in its Preliminary Approval Order, Class Notice shall be disseminated to the Settlement Class Members, who shall be provided with the opportunity to object to the certification of the Settlement Class and the Settlement. On the timetable and in the manner set by the Court in the Preliminary Approval Order, the Claims Administrator shall disseminate notice to the Settlement Class. Defendants shall use their best reasonable efforts to provide to the Claims Administrator a list of the names and last known addresses of all Settlement Class Members in electronic format within ten (10) business days of the filing of the Preliminary Approval Motion. All costs of the Claims Administrator shall be paid by Defendants.

4.1.5. <u>The Fairness Hearing</u>. Upon entry of the Preliminary Approval Order, the Parties contemplate that the Court will schedule and then later conduct a

17

Fairness Hearing at which it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Parties agree to support entry of a Final Approval Order and Judgment in the form attached hereto as Exhibit 5.

4.2.    Condition #2: Dismissal of the Action. The Action shall have been dismissed with prejudice against Defendants as provided for in the Final Approval Order and Judgment.

4.3.    Condition #3: Finality of Final Order. The Final Approval Order and Judgment shall have become Final.

4.4.    Condition #4: Resolution of any Objections. In the event that the DOL, any CAFA Notice Recipient, or any recipient of the Class Notice objects to and/or requests material modifications to the Settlement, Class Counsel agree to work cooperatively with Defendants with regard to any such objection(s) or requested material modifications but no Party shall have any obligation to alter any material term or condition of the Settlement. In the event such objection(s) or requested material modifications are not overcome, Defendants shall have the right to terminate the Settlement Agreement pursuant to its applicable procedures.

## 5.    EFFECT OF ENTRY OF FINAL APPROVAL ORDER AND JUDGMENT

18

5.1.   <u>Release</u> .   Upon the Effective Date of Settlement, the Parties and all Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged the Released Claims against each of the Released Persons.

## 6.   CLAIMS ADMINISTRATION

6.1.   The Claims Administrator shall be engaged by the Parties to perform certain functions as directed by the Court, including effectuating the delivery of Class Notice discussed in Section 4.1.4 and in the Preliminary Approval Order attached hereto as Exhibit 4.

6.2.   The actual and reasonable expenses incurred by the Claims Administrator in connection with the performance of the functions identified in this Settlement Agreement shall be paid by Defendants.

## 7.   REPRESENTATIONS AND WARRANTIES

7.1.   <u>Parties' Representations and Warranties.</u>

7.1.1.  Named Plaintiff and Class Counsel represent and warrant that none of Named Plaintiff's Released Claims have been or will be assigned, encumbered or in any manner transferred in whole or in part.

7.1.2.  The Parties each represent and warrant that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations

among their counsel and, in executing this Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereto and all matters which relate in any way to the subject matter hereof.

7.1.3.  The Parties each represent and warrant that they have carefully read the contents of this Settlement Agreement; they have made such investigation of the facts pertaining to the Settlement, this Settlement Agreement and all of the matters pertaining thereto as they deem necessary; and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Parties.

7.2.   Signatories' Representations and Warranties.   All counsel and any other Person executing this Settlement Agreement and any related Settlement documents warrant and represent that they have the full authority to do so in the capacities stated therein, and that they have the authority to take appropriate action in such capacities required to be taken pursuant to the Settlement Agreement to effectuate its terms.

## 8.   ADDITIONAL TERMS

8.1.    <u>Strict Performance; No Waiver</u>.  Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the provisions of this Settlement Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

8.2.    <u>Best Reasonable Efforts</u>.  The Parties shall cooperate fully with each other, and shall use their best reasonable efforts to obtain Court approval of this Settlement Agreement and all of its terms.

8.3.    <u>Other Proceedings</u>.  Without limiting the generality of any other term hereof, neither Named Plaintiff nor Class Counsel shall institute, refer, investigate or pursue any civil, regulatory or administrative proceedings against Defendants, or any other Released Person, based on the Released Claims.

8.4.    <u>Arm's-Length Transaction; Joint Participation</u>.    The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's-length.  The exact wording, language, form and structure of the exhibits also have been negotiated at arm's-length.  Each Party participated jointly in the drafting of this Settlement Agreement and, therefore, the terms of this Settlement Agreement are not intended to be construed against any Party by virtue of draftsmanship.

21

8.5.   <u>Defendants' Right To Termination</u>.  All terms, conditions, and exhibits in their exact form are material to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.  If the Court on request of any Person, or <u>sua</u> <u>sponte</u>, materially modifies, adds to or alters any of the terms, conditions, or exhibits of this Settlement Agreement, then this Settlement Agreement shall become voidable at the request of Defendants and Defendants shall have the right to terminate this Settlement Agreement and declare it to be of no further effect by filing with the Court a notice of withdrawal from Settlement within ten (10) days of receiving notification of any material modifications or alterations to any of the terms, conditions, or exhibits of this Settlement Agreement.  Defendant Besler shall also have the right, in his sole discretion, to terminate this Settlement Agreement, in its entirety, if, before entry of the Final Approval Order and Judgment, the DOL (i) moves to intervene in the Action; (ii) informs any Defendant that it opposes the Settlement of the Action; (iii) files any objection to the Settlement Agreement; (iv) asserts a Released Claim or any Claim on behalf of the ESOP or any Participant in any legal proceeding against any Defendant or any other Released Person; or (v) notifies any Defendant that it intends to file such a claim.  Upon any termination of the Settlement Agreement, the Settlement and Settlement Agreement shall become null and void.

8.6.   Attorneys' Fees.   Neither Class Counsel nor Defendants' counsel shall make any application to the Court for an award of attorneys' fees, costs or expenses.

8.7.   Counterparts.   This Settlement Agreement may be executed in several counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

8.8.   Further Acts.   Each of the Parties, upon the request of any other of the Parties hereto, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Settlement Agreement.

8.9.   Court's Continuing Jurisdiction.   The Parties each agree that the Court in which the Action is pending shall have continuing jurisdiction to enforce the terms of this Settlement Agreement and the Settlement.

8.10.   Captions.   The captions or headings of the sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

8.11.   Governing Law.   Any issue or matter related to or arising out of this Settlement Agreement, including, without limitation, the construction and

interpretation of its terms, that would be governed by State law shall be governed by and interpreted according to the substance and law of the State of New Jersey, excluding its conflict of laws provisions.

8.12. <u>Notice</u>.    Except as otherwise set forth herein, whenever this Settlement Agreement requires or contemplates that the Parties, or any of them, shall or may give notice to the other, notice shall be provided by email <u>and</u> either overnight delivery or first class U.S. mail as follows:

If to Named Plaintiff or Settlement Class Members:

> Daniel Feinberg, Esq.
> Feinberg Jackson Worthman & Wasow, LLP
> 383 4th Street, Suite 201
> Oakland, California 94607
> Dan@feinbergjackson.com

If to Defendants:

> Kristine J. Feher, Esq.
> Greenberg Traurig, LLP
> 200 Park Avenue
> Florham Park, New Jersey 07932
> FeherK@gtlaw.com

> Todd D. Wozniak, Esq.
> Greenberg Traurig, LLP

24

3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
WozniakT@gtlaw.com

Jonathan E. Hill, Esq.
The Law Office of Jonathan E. Hill
52 South Street, Second Floor
Morristown, New Jersey 07960
jhill@jehlawfirm.com

8.13. <u>Entire Agreement; Waiver, Modification, Amendment</u>. No representations, warranties, or inducements have been made to any of the Parties to this Settlement Agreement, other than those representations, warranties, and covenants expressly set forth in this Settlement Agreement. This Settlement Agreement and the Exhibits attached hereto constitute the entire agreement between the Parties with regard to the subject matter contained herein, and all prior negotiations and understandings between the Parties shall be deemed merged into this Settlement Agreement. No waiver, modification, or amendment of the terms of this Settlement Agreement, made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by all Parties, and then only to the extent set forth in such written waiver, modification, or amendment.

IN WITNESS WHEREOF, this Settlement Agreement has been executed as of the date written below, by the undersigned counsel of record for the Parties

25

hereto and/or by the Parties themselves in multiple counterparts, each of which shall be deemed an original.

For Named Plaintiff

Date: 5 / 17 / 17          By: _____

                               Daniel Feinberg, Esq.
                               Feinberg Jackson Worthman
                               & Wasow LLP
                               383 4th Street, Suite 201
                               Oakland, California  94607
                               510-269-7998 (Phone)

For Defendant Michael Mullaugh

Date: 5/17/17          By: _____

                               Jonathan E. Hill, Esq.
                               The Law Office of Jonathan E. Hill
                               52 South Street, Second Floor
                               Morristown, New Jersey 07960
                               973-898-1119 (Phone)

For Defendants Besler, Brijon,
BeslerCo, CarolBri, and
the Committee

Date: _5/17/2017_            By:    _____

                                    Todd D. Wozniak, Esq.
                                    Greenberg Traurig, LLP
                                    3333 Piedmont Road NE, Suite 2500
                                    Atlanta, Georgia 30305
                                    678-553-7326 (Phone)

27