RECEIVED

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

JUN 2 9 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| WEMA HOOVER,<br><br>                    Plaintiff,<br><br>v.<br><br>BRIJON MANAGEMENT &<br>EMPLOYEE LEASING<br>SERVICES, INC., *et al.*,<br><br>                    Defendants. | **CASE NO.: 3:14-cv-05786-MAS-DEA** |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, PRELIMINARILY CERTIFYING
A CLASS FOR SETTLEMENT PURPOSES, APPOINTING
A CLASS REPRESENTATIVE AND CLASS COUNSEL,
APPROVING THE CLASS NOTICE PLAN, AND
SCHEDULING A FAIRNESS HEARING**

On behalf of herself and the Settlement Class Members, Named Plaintiff

Wema Hoover ("Named Plaintiff") filed a Motion for an Order preliminarily

approving a class action settlement, preliminarily certifying a class for settlement

purposes, appointing a class representative and class counsel, approving the class

notice plan, and scheduling a fairness hearing (the "Motion"). The Motion seeks

preliminary approval of the Class Action Settlement Agreement and attached

Exhibits (collectively, the "Settlement Agreement") that the Named Plaintiff

entered into with Defendants Philip A. Besler, Brijon Management & Employee

Leasing Services, Inc. ("Brijon"), Besler & Co., Inc., the Administrative Committee for the Brijon Employee Stock Ownership Plan, CarolBri, LLC, and Michael Mullaugh. The Settlement Agreement was reached after extensive, arm's-length negotiations between the Parties and their counsel, with the assistance of an experienced mediator. [1]

The Settlement Agreement sets forth the terms and conditions for a proposed settlement of this Action and for dismissal of this Action with prejudice (the "Settlement").

The Court has reviewed the Settlement Agreement, the Motion, the Declaration of Daniel Feinberg, and all exhibits attached to the foregoing.

For the following reasons, the Motion is GRANTED and IT IS HEREBY ORDERED that the Court preliminarily approves the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

---

[1]      The Court adopts the defined terms set forth in the Settlement Agreement. Capitalized terms not defined in this Order shall have the same meaning as in the Settlement Agreement.

2

1.    Preliminary Findings Concerning Proposed Settlement.  The Court preliminarily finds that the proposed Settlement should be approved.  The Settlement (a) is the result of extensive, arm's-length and non-collusive negotiations between the Parties, with the assistance of an experienced mediator, after the Parties had conducted appropriate investigation and discovery regarding the strengths and weaknesses of the claims and defenses asserted in the Action; (b) is fair, reasonable, and adequate; (c) has no obvious deficiencies; (d) does not improperly grant preferential treatment to the Named Plaintiff or to any other Settlement Class Member; (e) falls within the range of possible approval; and (f) warrants notice to Settlement Class Members of a Fairness Hearing, at which hearing  evidence may be presented in support of or in opposition to the proposed Settlement.

2.    Class Certification.    Pursuant to Fed.  R. Civ. P. 23, the Court preliminarily certifies, solely for purposes of effectuating the Settlement, the following Settlement Class: "All Persons who were Participants in the Brijon Employee Stock Ownership Plan ("ESOP") at any time between September 18, 2008 and September 18, 2014, not including Defendants, any officer or director of Brijon, and any immediate family member of a Defendant or any officer or director of Brijon."

3

3.   <u>Settlement Class</u>.   Pursuant to Rule 23, and solely for the purposes of effectuating the Settlement, the Court preliminarily finds that the Settlement Class satisfies the requirements of the U.S. Constitution, the Federal Rules of Civil Procedure, and any other applicable laws.  The Settlement meets the requirements of Rule 23 because (a) as required by Rule 23(a)(1), the Settlement Class Members are ascertainable from the ESOP's records and other objective criteria and the Settlement Class is so numerous that joinder of all members is impracticable; (b) as required by Rule 23(a)(2), the Named Plaintiff's and Settlement Class Members' claims depend on common issues of law and fact, including whether the ESOP received at least fair market value for the Brijon stock it sold to CarolBri in August 2011; (c) as required by Rule 23(a)(3), the claims of the Named Plaintiff are typical of the claims of the Settlement Class Members; and (d) as required by Rule 23(a)(4), the Named Plaintiff and her counsel will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiff and the nature of the alleged claims are consistent with those of the Settlement Class Members; (ii) there appear to be no conflicts between or among the Named Plaintiff and the Settlement Class Members; and (iii) Named Plaintiff's Counsel, Feinberg Jackson Worthman & Wasow, LLP, are experienced ERISA class action

4

litigators who can fairly and adequately protect the interests of the Settlement Class.

The Court also preliminary finds, solely for the purposes of effectuating the Settlement, that the Settlement Class satisfies the requirements of Rule 23(b)(1) because (a) the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class Members that would establish incompatible standards of conduct for Defendants; and (b) adjudications as to individual Settlement Class Members would, as a practical matter, be dispositive of the interests of the other Settlement Class Members and would substantially impair or impede the ability of such persons to protect their interests.

4.    Class Representative.  For the purpose of effectuating the Settlement, the Court appoints the Named Plaintiff, Wema Hoover, as the Class Representative for the Settlement Class Members.

5.    Class Counsel.  For the purpose of effectuating the Settlement, the Court appoints Feinberg Jackson Worthman & Wasow, LLP as Class Counsel for the Settlement Class.

6.    Class Notices. The Court approves, as to form and content, the Class Notice that is attached hereto as Exhibit 1.  The Court finds that the mailing and

5

distribution of the Class Notice as set forth in the Motion and discussed further herein ("Class Notice Plan"), meet the requirements of Rule 23, due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

7.    <u>Claims Administrator</u>.  The Court hereby appoints the Garden City Group, Inc. ("GCG") as the Claims Administrator.

8.    <u>Dissemination of Class Notice</u>.  The Court directs that, consistent with the Settlement Agreement, the Claims Administrator shall execute the following Class Notice Plan: no later than thirty (30) days from the date of this Order, the Claims Administrator shall cause the Class Notice attached as Exhibit 1, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class U.S. mail, postage prepaid, to each Settlement Class Member. Defendants will provide, within ten (10) days of the date of this Order, the Claims Administrator with the names and addresses described in Section 4.1.4 of the Settlement Agreement, which names and addresses shall be used solely for the purpose of providing notice of this Settlement and for no other purpose. Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and posting requirements at least ten (10) days before the Fairness Hearing.

6

9.   <u>Notice Expenses</u>.   The expenses of the Claims Administrator shall be paid by Defendants.

10.   <u>Fairness Hearing</u>.   A hearing is scheduled for ___8/22/17___, 2017 at _2:00_ A.M./(P.M) at Courtroom 6W at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 (the "Fairness Hearing") to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice pursuant and subject to the terms of the Settlement Agreement; (c) whether the Class Notices: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all Persons and Class Members entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any and all other applicable laws; and (d) whether Named Plaintiff and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7

11.    <u>Objections to Settlement</u>.  Any member of the Settlement Class who objects to the fairness, reasonableness or adequacy of the Settlement or to any term of the Settlement Agreement may file an objection. Written objections must: (a) state all supporting bases and reasons for the objection; (b) set forth the basis of membership in the Settlement Class; (c) describe any witnesses, documents and other evidence of any kind that may be proffered at the Fairness Hearing in connection with such objections; and (d) provide a summary description of the substance of any testimony they wish to offer themselves or through any witnesses in support of the objection. The Court will consider objections only if such objections and any supporting papers are filed in writing with the Clerk of the Court at the address below. The objector must also mail and email the objection and all supporting papers to Class Counsel and to Defendants' Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

To The Court:

> Clerk of Court
> Clarkson S. Fisher Building & U.S. Courthouse
> 402 East State Street,
> Trenton, New Jersey 08608

To Class Counsel:

8

Daniel Feinberg, Esq.
Feinberg Jackson Worthman & Wasow, LLP
383 4th Street, Suite 201
Oakland, California 94607
Dan@feinbergjackson.com

To Defendants' Counsel:

Kristine J. Feher, Esq.
Greenberg Traurig
200 Park Avenue
Florham Park, New Jersey 07932
feherk@gtlaw.com

Todd D. Wozniak, Esq.
Greenberg Traurig
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
wozniakt@gtlaw.com

Jonathan E. Hill, Esq.
The Law Office of Jonathan E. Hill
52 South Street, Second Floor
Morristown, New Jersey 07960
jhill@jehlawfirm.com

The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the Court so that it is received by the Clerk of the Court and counsel no later than forty-five (45) days after Class Notice is mailed out. If an objector hires an attorney to object pursuant to this paragraph, the attorney must both effect service of a Notice of Appearance on

9

counsel listed above and file it with the Court by no later than forty-five (45) days after Class Notice is mailed out.

Any Settlement Class Member who does not object in the manner prescribed in the Class Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement and any Final Approval Order and Judgment to be entered approving the Settlement.

12.    Appearance at Fairness Hearing.  Any objector who files and serves a timely, written objection may appear at the Fairness Hearing, either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must file with the Court and serve on Class Counsel and Defendants' Counsel (at the addresses set forth above) a Notice of Intent to Appear at Fairness Hearing setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) at least fourteen (14) days prior to the Fairness Hearing. Any objector who does not timely file and serve a Notice of Intent to Appear in accordance with this Paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

10

13.  Service of Papers.  If it appears that any objections were not properly served on all Parties, the Parties shall furnish to each other's counsel copies of any such objections that come into their possession promptly after learning of the deficiency in service.

14.  No Settlement Discovery. No discovery by any Person with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the settling Parties other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion properly noticed and served.

15.  Termination of Settlement. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of February 17, 2017, pursuant to Section 4.1.3 of the Settlement Agreement, if the Settlement is terminated in accordance with the Settlement Agreement or does not receive Final approval.  In such event, the termination provisions of the Settlement Agreement shall govern the rights of the Parties.

16.  Use of Order.  This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual by any of the Parties and all Parties deny any liability or wrongdoing of any kind.

11

Named Plaintiff entered into the Settlement Agreement in recognition of the inherent uncertainty of litigation and the difficulty of establishing any harm to Named Plaintiff and the Settlement Class Members, especially in light of the Special Master Report.  Neither the fact nor the terms of this Order shall be construed or used as an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach, or liability, or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated or not given Final approval.

17. <u>Jurisdiction</u>.   The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

18. <u>Continuance of Hearing</u>. The Court may in its discretion continue the Fairness Hearing by giving written notice thereof.

12

SO ORDERED, this _____29ᵗᵉ_____ day of _____June_____, 2017.

_____
Douglas E. Arpert, Magistrate Judge
United States District Court
for the District of New Jersey

- terminates ECF No. 80

13