RECEIVED
OCT 11 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEMA HOOVER,<br><br>Plaintiff,<br><br>v.<br><br>BRIJON MANAGEMENT & EMPLOYEE LEASING SERVICES, INC., *et al.*,<br><br>Defendants. | CASE NO.: 3:14-cv-05786-MAS-DEA |

## FINAL APPROVAL ORDER AND JUDGMENT

This Action came before the Court for hearing on October 11, 2017 to determine the fairness of the settlement presented to the Court on May 31, 2017 (the "Settlement"). On June 30, 2017, the Court preliminarily approved the Settlement in its Amended Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying A Class For Settlement Purposes, Appointing A Class Representative And Class Counsel, Approving The Class Notice Plan, And Scheduling A Fairness Hearing (the "Preliminary Approval Order"). The issues having been duly heard and a decision having been reached, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

Except as otherwise defined herein, all capitalized and undefined terms used in this Final Approval Order And Judgment shall have the same meanings ascribed to them in the Settlement Agreement.

1. This Court has subject matter jurisdiction over the Action and personal jurisdiction over all Parties and the Settlement Class.

2. For the sole purpose of settling and resolving the Action, the Court preliminarily determined, among other things, that the proposed Settlement should be approved as fair, reasonable, and adequate and having no obvious deficiencies.

3. For the sole purpose of settling and resolving the Action, the Court preliminarily certified the following Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(1):

> All Persons who were Participants in the Brijon Management & Employee Leasing Services, Inc. Employee Stock Ownership Plan ("ESOP") at any time between September 18, 2008 and September 18, 2014 (the "Class Period"), not including Defendants, any officer or director of Brijon, and any immediate family member of a Defendant or any officer or director of Brijon.

4. For the sole purpose of settling and resolving the Action, the Court appointed Named Plaintiff Wema Hoover as the Class Representative for the Settlement Class and appointed Feinberg Jackson Worthman & Wasow, LLP as Class Counsel for the Settlement Class.

5. As discussed in greater detail below, the Court finds that (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and 23(b)(1); and (c) the Class Representative and Class Counsel have fairly and adequately represented the interests of the Settlement Class and, as such, the Court hereby confirms and approves their respective appointments.

6. <u>The Settlement</u>. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate and more particularly finds:

(a) The Settlement was negotiated vigorously and at arm's-length by counsel for Defendants, on one hand, and Class Counsel on behalf of Named Plaintiff and the Settlement Class, on the other hand.

(b) The Settlement was reached following arm's-length negotiations among counsel, all of whom were thoroughly familiar with the claims and defenses in this complex ERISA Action, with the assistance of an experienced mediator.

(c) At all times, Named Plaintiff acted independently of the Defendants and in the interest of the Settlement Class.

(d) The process for determining the settlement amount, if any, was fair and focused on the critical issue in the Action: the fair market value of the Brijon

3

stock at the time it was sold by the ESOP to CarolBri, LLC. At the request of the Parties and, with the Court's consent, an independent stock valuation expert, Michael Eggers, was appointed to serve as a Special Master to determine this issue. After considering the written submissions of the Parties, including the reports of each side's valuation experts, and hearing oral argument from the Parties, the Special Master found that the amount of money that CarolBri paid the ESOP for the Brijon stock at issue in August 2011 "was at or exceeded the fair market value of the stock as of the date of the [stock] transaction." That the settlement amount in this Action is zero does not change or alter the fact that the Settlement itself and the process reached to determine the settlement amount was fair, reasonable, and adequate.

(e) Absent the Settlement, Named Plaintiff and the Settlement Class Members would not have the benefit of an independent valuation opinion regarding the August 2011 ESOP transaction conducted by an individual who all Parties agreed was qualified.

(f) Given all of the attendant risks of the ligation, including risks associated with establishing liability, establishing damages, maintaining a class action, and the findings of the Special Master, the settlement is fair, reasonable and adequate as Fed. R. Civ. P. 23(e) requires.

4

7.  <u>The Settlement Class</u>.  For purposes of settlement and resolving the Action, the Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and 23(b)(1) and more particularly finds:

(a)  The Settlement Class is so numerous that it is impractical to bring all Settlement Class Members before the Court individually.

(b)  The class allegations, although denied by Defendants, present common questions of law or fact, as required by Fed. R. Civ. P. 23(a)(2), including:

(i)  Whether Defendants were fiduciaries of the ESOP;

(ii)  Whether Defendants breached any fiduciary duties to the ESOP and its Participants in operating and administering the ESOP;

(iii)  Whether certain Defendants breached any fiduciary duties to the ESOP and its Participants by failing to prudently monitor other appointed fiduciaries;

(iv)  Whether the ESOP received at least fair market value for the Brijon stock it sold to CarolBri in August 2011; and

(v)  Whether, as a result of the alleged fiduciary breaches of Defendants, the ESOP and its Participants suffered any losses, and if so, the amount of any such losses.

5

(c) The claims asserted by Named Plaintiff are typical of the claims of the Settlement Class, as required by Fed. R. Civ. P. 23(a)(3). The claims of Named Plaintiff arise from the same alleged course of conduct that gives rise to the claims of the Settlement Class Members and the claims are based on the same legal theory. By way of example only, Named Plaintiff alleges that she and the other Participants of the ESOP all had ESOP accounts holding Brijon stock during the Class Period, that she and the other Participants of the ESOP were all treated alike by the fiduciaries of the ESOP, that all of the Participants received less than fair market value for the Brijon stock in their ESOP plan accounts, and that a plan-wide remedy is appropriate under ERISA.

(d) The requirements of Fed. R. Civ. P. 23(a)(4) are satisfied in that the Court finds that Named Plaintiff is an adequate class representative and Class Counsel are qualified, experienced, and prepared to represent the Settlement Class to the best of their abilities. For the purposes of Settlement, the Court finds that Named Plaintiff has no conflicting interests with absent Settlement Class Members and notes that Named Plaintiff is treated identical to all other Settlement Class Members under the terms of the Settlement Agreement.

(e) In addition to satisfying the requirements of Fed. R. Civ. P. 23(a), the Court finds that the Settlement Class also satisfies the requirements of Fed. R. Civ.

P. 23(b)(1). Given the plan-representative nature of Named Plaintiff's breach of fiduciary duty claims, the failure to certify the Settlement Class would result in inconsistent adjudications that might prejudice Defendants.

(f) The Court also has considered each of the elements required by Fed. R. Civ. P. 23(g) to ensure that the Class Counsel will fairly and adequately represent the interests of the Settlement Class. Among other things, Class Counsel have done the work necessary to identify or investigate the potential claims in the Action, to investigate the allegations made in the Complaint, including reviewing documents produced during discovery, and have consulted with a valuation expert. Class Counsel have also demonstrated knowledge of the applicable law. The Court concludes that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

(h) The Settlement Class has received proper and adequate notice of the Settlement and the Fairness Hearing, such notice having been given in accordance with the Court's Preliminary Approval Order. Such notice included individual notice to all Settlement Class Members who could be identified through reasonable efforts and Class Members were provided with sufficient notice of these proceedings and the matters set forth therein, including information regarding the procedure for making objections to the Settlement. Such notice fully satisfied the

7

requirements of Fed. R. Civ. P. 23 and due process. The Court also finds that Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

(i) Members of the Class have had an opportunity to be heard on all issues regarding the resolution of this Action and release of their claims by submitting objections to the Settlement Agreement to the Court and by testifying at the Fairness Hearing. No Settlement Class Members objected to the Settlement.

8. The Settlement embodied in the Settlement Agreement is hereby approved and the Court hereby orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

9. Pursuant to Fed. R. Civ. P. 41, the Court hereby dismisses this Action, and dismisses all claims asserted in the Action, with prejudice and without any award of costs, attorneys' fees, or expenses to any of the Parties or their counsel.

10. Consistent with the releases included in the Settlement Agreement, and with all terms defined in the Settlement Agreement, the Court hereby orders that, upon the Effective Date of Settlement, the Released Claims are fully, finally, and forever dismissed, released, relinquished, waived and discharged.

11. Upon entry of this Order, all Settlement Class Members shall be bound by the Settlement Agreement.

12. This Order shall not be construed or used as an admission, concession, or declaration of any fact or allegation included in the Complaint, or of any fault, wrongdoing, breach, or liability.

13. This Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement of the Notice, this Order and Judgment, the Settlement Agreement, or any termination of the Settlement Agreement.

SO ORDERED, this  11th  day of October, 2017.

_____
Douglas E. Arpert, Magistrate Judge
United States District Court
for the District of New Jersey

9